## J. B. RHEA v. J. J. TERRELL, COMMISSIONER, ET AL.

### No. 1718.  Decided June 26, 1907.

**School Land—Lease—Forfeiture—Reletting.**

The prohibition contained in article 4218v, Revised Statutes, against reletting school land to one who has forfeited a previous lease till all arrears are paid up, applies only to the original lessee, and does not avoid a new lease made to an assignee of the old one. (P. 627.)

Original application, in the Supreme Court, for writ of mandamus to require the Commissioner of the General Land Office to accept relator as a purchaser of school land, his offer having been refused because the land was under lease. Mrs. A. G. Curtis, W. K. Curtis, and R. T. Reid, the lessees, were made corespondents.

*Caldwell & Whitaker,* for relator.

*Wm. E. Hawkins,* Assistant Attorney-General, for respondent Terrell.

WILLIAMS, Associate Justice.—The relator applies for a mandamus to compel the Commissioner of the General Land Office to accept his application to purchase certain sections of school land, which the Commissioner has refused to do because the land is under lease to his corespondents, and the question in the case is as to the validity of the lease.

It appears that in 1898 and 1899 three several leases were executed by the Commissioner to Mrs. A. G. Cress who was then a widow but subsequently married W. K. Curtis. Mrs. Cress sold and conveyed to R. T. Reid an undivided one-third interest in her ranch, including her leasehold interests. In 1902, at different times, the three leases were cancelled because of the failure of the lessee to pay the rent in advance, and later in the year the lease now in question was executed jointly to Reid and to Curtis and his wife, formerly Mrs. Cress, to such of the lands included in the former ones as had not been sold. At the time of its execution there would have been due as rents upon the old leases, had they remained in force, some small sums aggregating about ten dollars. The rent was three cents per acre under the old lease, and five cents per acre under the new one, so that the amount paid the State under the latter was largely in excess of all that could ever have accrued under the former. This proceeding was begun on May 8, 1907.

The relator's contention is that the failure to pay the arrears of rent under the former leases rendered the last one void under the provisions of article 4218v, Revised Statutes, as construed in Kitchens v. Terrell, 96 Texas, 527.

Several reasons might be given for refusing the mandamus, but one is sufficient, which is that the prohibition in the statute is against the "original lessee" alone. The lease under consideration, in legal effect, is to Reid and Curtis, neither of whom was the original lessee. They are not within the letter of the statute, and, if it were permissible to extend its provisions by construction, which we are by no means disposed to do, it would not be difficult to show that they are not within its spirit and purpose.

Writ refused.